# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EPL OIL & GAS, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 18-00757** |
| **TANA EXPLORATION COMPANY, LLC.** | **SECTION: "M" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion for Leave to File its First Amended and Supplemental Complaint (R. Doc. 20)** filed by the Plaintiff, EPL Oil & Gas, Inc. The motion is unopposed. R. Doc. 127. The Motion was heard on the briefs on September 5, 2018.

## I.     Background

This breach of contract action stemming from a failed oil well was originally filed in the District Court pursuant to its jurisdiction under the Outer Continental Shelf Lands Act, 43 U.S.C. 1333, *et eq.* R. Doc. 1; January 25, 2018. The original complaint alleges that Plaintiff and Defendant were joint operators of an oil and gas lease, serial number OCS-G 33657 ("Lease"), located in the Outer Continental Shelf off the coast of Louisiana. *Id.*, p. 2. Pursuant to oil exploration on the Lease, Defendant and Plaintiff entered into an Operations Agreement, effective March 1, 2013, and a subsequent Amendment to Participation Agreement, effective April 24, 2014 ("Agreements"). Plaintiff alleges that, pursuant to the Agreements, Defendant has not paid their proportionate share of operating and drilling expenses incurred conducting natural resource exploration on the Lease. *Id.* Plaintiff claims Defendant owes $1,997,000.00 under the lease. *Id.*

The Motion before the Court was filed by Plaintiff on August 16, 2018. R. Doc. 20. Plaintiff seeks leave of the Court to amend their complaint to add an additional breach of contract claim against Defendant pursuant to the Agreements. 20-4, p. 3. The proposed amended complaint states that in May of 2018, four months after the original complaint was filed, Plaintiff proposed plugging

1

and abandoning of the subject Lease. *Id.* Plaintiff contends that they have fulfilled their obligations under the Agreements, but that Defendant has not paid its proportionate share of the plugging and abandonment expenses according to the Agreements. *Id.* Defendant has filed no opposition to the Motion.

## II. <u>Standard of Review</u>

Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason," considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

### III. Analysis

#### A. Good Cause

"[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Royal Ins. Co. of America v. Schubert Marine Sales*, 02–0916, 2003 WL 21664701, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)).

The Scheduling Order states: "Amendments to pleadings, third-party actions, cross-claims and counter-claims shall be filed no later than **MAY 14, 2018.**" R. Doc. 12, p. 5. The Scheduling Order also states that (1) depositions for use at trial shall and all discovery shall be completed no later than November 29, 2018; (2) the Final Pre-Trial Conference will take place on January 7, 2019; and (3) trial by jury will commence on January 28, 2019. *Id.*, p. 5-6. The Motion before the Court was filed three months past the Scheduling Order's amended pleadings deadline. Therefore, the Plaintiff must show good cause for the proposed amendment under Rule 16(b)(4).

Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice*." Schubert Marine Sales*, 2003 WL 21664701, at *2 (citing *S & W Enterprises*, 315 F.3d at 536). If the movant can show good cause, the Court will then apply the liberal standards of Rule 15(a). *S&W Enterprises*, 315 F.3d at 536.

The Plaintiff explains that their untimely submission of the amended complaint is due to the breach of contract claim not arising until May of 2018, which is when they allege that they first proposed plugging and abandoning the Lease. The instant Motion is similar to several cases where this Court found good cause where the movant seeking leave to amend was not aware of the facts supporting their amendment until after the deadline to amend had passed. *See Bosarge v. Cheramie Marine, LLC*, Civ. Action 14-2153, 2015 WL 13229569 (E.D. La. July 27, 2015); *see also Minias v. ASI Lloyds*, Civ. Action 14-2102, 2015 WL 3824393, at *2-3 (E.D. La. June 19, 2015) (holding that Defendant showed good cause to amend because it did not know of facts supporting its fraud claim until after the amendment deadline had passed); *cf. Fairley v. Art Catering, Inc.*, Civ. Action 16-3488, 2017 WL 6994538, at *3 (E.D. La. Sep. 20, 2017) (holding that Plaintiff had failed show to good cause because she was aware of facts supporting her new proposed claims before the amendment deadline and failed to seek leave to amend at that time).

*Bosarge*, factually similar to this Motion, involved a defendant who sought the Court's leave to file its first amended answer to assert an affirmative defense.[1] The Defendant in *Bosarge* filed its motion five months after the Scheduling Order's amendment deadline. *Id.*, at *2. Defendant argued that good cause existed because it had only learned of facts supporting the affirmative defense three months after the amendment deadline. *Id.* The Court held that Defendant had shown good cause because it would have been unreasonable for Defendant to timely allege the defense before it was aware of the facts supporting it. *Id.*, at *3.

---

[1] Defendant employer was defending against a seaman's personal injury claims, and facts arose during the Plaintiff's deposition that he had prior lower back injuries. In response to this testimony, Defendant sought to assert the *McCorpen* defense, which allows for a Jones Act employer to deny maintenance and cure benefits to an injured seaman who "knowingly failed to disclose a pre-existing physical examination." *McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547 (5th Cir. 1968).

4

Similarly, it would be unreasonable here for Plaintiff to have alleged breach of contract claims stemming from plugging and abandonment expenses before those expenses existed. It is unclear from the proposed amended complaint on what date Defendant allegedly breached its responsibilities, but the Court notes that Plaintiff argues and the amended complaint reflects that plugging and abandonment of the Lease was not proposed by Plaintiff to Defendant until May of 2018. R. Doc. 20-4, p. 3. From the pleadings, this appears to be the earliest time that Defendant could have breached their alleged responsibility to share a portion of the plugging and abandonment expenses.

Additionally, Plaintiff's approximate two-month delay to file since they learned of the alleged plugging and abandonment breach by Defendant is equivalent to the Defendant's three-month delay in *Bosarge*, which the Court found acceptable. *Id.* (seeking leave to amend on June 23, 2015, after learning of facts to support a *McCorpen* defense on March 19, 2015). Therefore, the Plaintiff has articulated a valid explanation for its untimely proposed amended complaint, and the first factor weighs in favor of good cause. Additionally, there has been no suggestion that the plugging and abandonment claim is unimportant. Therefore, the second factor also weighs in favor of good cause.

Next, the Court does not discern any potential prejudice to the Defendant in granting the Plaintiff leave to amend. Defendant, who has not filed an opposition to the proposed amendment, has also not argued any prejudice. The Court notes that the discovery deadline is not until November 29, 2018, and that trial is not set until January 29, 2019. Ample opportunity remains for Defendant to prepare its defense against the plugging and abandonment claim, which arises

from the same oil exploration, on the same Lease, and pursuant to the same Agreements stated in Plaintiff's original complaint. Therefore, the third factor weighs in favor of good cause.[2]

With all factors weighing in favor, the Court finds that Plaintiff has shown good cause. The liberal amendment standards under Rule 15(a) are now discussed.

### B. <u>Undue Delay, Bad Faith, Dilatory Motive</u>

The first factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause any undue delay, is in bad faith, or that the movant has some dilatory motive in filing the motion.

The cause of Plaintiff's delay in bringing its breach of contract action is that the plugging and abandonment of the Lease that forms the basis of the new contract breach claim was not proposed until May 2018. Additionally, the Court does not find any suggestion of dilatory motive or bad faith, and the Defendant has not suggested otherwise. Therefore, this factor weighs in favor of granting leave to amend.

### C. <u>Repeated Amendments, Deficiencies</u>

The second factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the party has previously filed repeated amendments to cure deficiencies before filing the instant motion. Courts in the Fifth Circuit have found that where a party has been given multiple opportunities to cure a defect, denial of a Rule 15(a) motion is proper. *See, e.g., Price v. Pinnacle Brands, Inc.,* 138 F.3d 602, 607–08 (5th Cir. 1998) (upholding district court's denial of 15(a) motion where plaintiffs had three prior opportunities to amend their complaint).

---

[2] The fourth factor is not raised because the Court has found no potential prejudice to the Defendant that a continuance would be required to cure.

The record shows that this is Plaintiff's first proposed amended complaint. Therefore, this factors weighs in favor of granting leave to amend.

### D.   **Undue Prejudice**

The third factor the court considers when determining whether or not to grant leave to amend pursuant to Rule 15(a) is whether the amendment will cause any undue prejudice to the opposing party. The Fifth Circuit has cautioned that amendments should not be permitted where they would "fundamentally alter the nature of the case." *In re American International Refinery, Inc.,* 676 F.3d 455, 467 (5th Cir. 2012) (noting that new allegations of fraud in bankruptcy proceeding would have "fundamentally altered" the nature of a case which had previously been limited to determination of whether one party possessed a conflict of interest warranting disgorgement of monies paid), *Mayeaux v. Louisiana Health Service and Indem. Co.,* 376 F.3d, 420, 427–28 (5th Cir. 2004) (finding that complaint would be "fundamentally altered" where proposed amendment would destroy jurisdiction and "effectively reconstruct[ed] the case anew."). Further, the Fifth Circuit has noted that a defendant is prejudiced if an added claim would require that the defendant, "reopen discovery and prepare a defense for a claim different from the [one]…that was before the court." *Smith v. EMC Corp.*, 393 F.3d 590, 596 (5th Cir. 2004) (quoting *Duggins v. Steak'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)).

As discussed in the Court's section on good cause, the Court does not perceive any prejudice to the Defendant. Ample opportunity remains to Defendant to defend the new plugging and abandonment breach of contract claim. The Court notes that the claim arises from the same oil exploration, on the same Lease, and pursuant to the same Agreements that formed the basis of Plaintiff's original complaint. Therefore, this factor weighs in favor of amendment.

## E. Futility

The Fifth Circuit has further held that an amendment is futile "when the justification for the denial is 'readily apparent'" and the "record reflects ample and obvious grounds for denying leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

It is not "readily apparent" to the Court that the proposed amended complaint is futile. Therefore, this factor weighs in favor of granting leave to amend.

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Leave to File Amended Complaint (R. Doc. 20)** is **GRANTED.**

New Orleans, Louisiana, this 14th day of September 2018.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**